[Cite as *State v. Sydnor*, 2011-Ohio-3922.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | Case No. 10CA3359 |
| v. | : | |
| | : | DECISION AND |
| Mario A. Sydnor, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | File-stamped date: 7-29-11 |

_____

APPEARANCES:

Bryan Scott Hicks, Lebanon, Ohio, for Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Pat Apel, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

_____

Kline, J.:

{¶1}     Mario A. Sydnor appeals his four felony convictions, which originated from a drug raid.  On appeal, Sydnor contends that the trial court erred in denying his motion to dismiss on speedy-trial grounds.  Because the state brought Sydnor to trial within the statutory time frame required by R.C. 2745.71(C)(2), we disagree.  Sydnor also contends that the trial court erred when it sentenced him for both trafficking in and possession of crack cocaine.  Because Sydnor's trafficking and possession offenses are allied offenses of similar import under R.C. 2941.25(A), and because the same offenses were not committed separately or with a separate animus as to each under R.C. 2941.25(B), we agree.  Accordingly, we affirm, in part, and reverse, in part, the judgment of the trial court.  We remand this cause to the trial court for further proceedings consistent with this opinion.

I.

{¶2}     On October 19, 2006, Kevin Lodwick informed the Portsmouth Police Department that two individuals were selling drugs from his house.  The police obtained a warrant and conducted a raid on Lodwick's home.  The police discovered thirty-six plastic baggies containing 33.67 grams of crack cocaine in the living room.  In separate rooms, the police found and arrested Sydnor and Stephan Banks.  Sydnor had 2.8 grams of crack cocaine on his person, and the police found 13.48 grams of crack cocaine in a toy box in the room where they arrested Banks.

{¶3}     A Scioto County Grand Jury indicted Sydnor on October 23, 2006, which resulted in Case No. 06CR001458 (hereinafter "Case I").  And the police arrested him on October 24, 2006.  The indictment contained six felony counts - two counts for possession of crack cocaine (a first-degree felony count and a fourth-degree felony count) and two counts for trafficking in crack cocaine (a first-degree felony count and a fourth-degree felony count).  The indictment also contained a weapon under a disability charge and a possession of criminal tools charge.  Sydnor posted bond on October 27.  The trial court scheduled a pre-trial hearing for December 13, 2006, but Sydnor failed to appear.

{¶4}     On December 21, 2006, a Scioto County Grand Jury returned another indictment against Sydnor, which resulted in Case No. 06CR001692 (hereinafter "Case II").  The indictment for Case II related to events that occurred on or about December 5, 2006.  The indictment contained a fifth-degree felony possession of drugs charge, a fifth-degree felony trafficking charge, a possession of criminal tools charge and an escape charge.

**{¶5}** The Scioto County Sheriff eventually re-arrested Sydnor on the outstanding bench warrant on September 15, 2009. At this point, the trial court conducted pre-trial hearings together for Case I and Case II. Sydnor remained in jail from September 15, until November 3, 2009, when he raised bond. Sydnor remained out of jail on bond from November 4 until November 12. On November 12, Sydnor's bondsman arrested him, and the trial court granted the bondsman's motion for release from the bond. On January 11, 2010, Sydnor moved to continue his trial, and the trial court granted the motion. Sydnor's trial began on April 26, 2010.

**{¶6}** Prior to Sydnor's trial for Case I, Sydnor moved to dismiss the case on speedy-trial grounds. The trial court denied Sydnor's motion because Sydnor had two cases pending against him.

**{¶7}** Additionally, the state moved to amend the indictment in Case I prior to trial. Consequently, the trial court amended the indictment in Case I to merge the possession counts and trafficking counts. As a result, only four counts of the original six counts in Case I remained – (1) first-degree felony possession of crack cocaine, (2) first-degree felony trafficking in crack cocaine, (3) having a weapon under a disability, and (4) possession of criminal tools.

**{¶8}** A jury heard Case I and found Sydnor guilty of all four counts. The trial court sentenced Sydnor to nine years for possession of crack cocaine, nine years for trafficking in crack cocaine, four years for the weapon under a disability, and four years for the possession of criminal tools. The trial court found that Sydnor committed the possession of crack cocaine and the trafficking in crack cocaine with a separate animus. The trial court also ran the possession, trafficking, and criminal tools sentences

concurrently, and the weapon under a disability sentence consecutive to the other sentences.  Thus, the court sentenced Sydnor to an aggregate prison term of thirteen years.  In September 2010, the court dismissed Case II.

**{¶9}**      Sydnor appeals the judgment in Case I and asserts the following assignments of error: I. "THE TRIAL COURT ERRED BY BRINGING MR. SYDNOR TO TRIAL AFTER THE 270 DAY DEADLINE FOR A SPEEDY TRIAL PURSUANT TO R.C. 2945.71 HAD PASSED."  And, II. "MR. SYDNOR WAS IMPROPERLY SENTENCED ON BOTH THE POSSESSION AND THE TRAFFICKING OFFENSE WHEN HE SHOULD HAVE ONLY BEEN SENTENCED ON THE STATE'S CHOICE OF ONE OF THE CHARGES."

II.

**{¶10}**      In his first assignment of error, Sydnor contends that the trial court should have dismissed this case because the state brought him to trial after Sydnor's speedy-trial deadline had expired.

**{¶11}**      Our review of a trial court's decision of a motion to dismiss alleging a speedy-trial violation involves a mixed question of law and fact.  *State v. Eldridge*, Scioto App. No. 02CA2842, 2003-Ohio-1198, at ¶5; *State v. Brown* (1998), 131 Ohio App.3d 387, 391.  We defer to the trial court's findings of fact if supported by competent, credible evidence.  *Eldridge* at ¶5.  We independently review whether the trial court properly applied the law to the facts of the case.  Id.  "Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state."  Id. citing *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 1996-Ohio-171.

**{¶12}** Under R.C. 2745.71(C)(2), "[t]he state must bring a person arrested and charged with a felony to trial within two hundred seventy days." *Eldridge* at ¶6. If the accused remains in jail in lieu of bail solely on the pending charge, each day in jail counts as three days. See R.C. 2745.71(E). This is known as the "triple-count provision." See *Eldridge* at ¶6.

**{¶13}** "An accused presents a prima facie case for discharge based upon a violation of speedy trial limitations by alleging in a motion to dismiss that the state held them solely on the pending charges and for a time exceeding the R.C. 2945.71 limits. *State v. Butcher* (1986), 27 Ohio St.3d 28, 30-31. The burden of proof then shifts to the state to show that the R.C. 2945.71 limitations have not expired, either by demonstrating that the time limit was extended by R.C. 2945.72 or by establishing that the accused is not entitled to use the triple-count provision in R.C. 2945.71(E). The determination of whether the state holds an accused solely on the pending charges is a legal conclusion dependent upon the underlying facts. *State v. Howard* (Mar. 4, 1994), Scioto App. No. 93CA2136." *Eldridge* at ¶6.

**{¶14}** First, we dispose of an inaccuracy in Sydnor's speedy-trial-clock calculation. The state arrested Sydnor on October 24, 2006, and the court released him on bond on October 27, 2006. Sydnor did not appear for a pre-trial hearing scheduled for December 13, 2006. The Scioto County Sheriff eventually re-arrested Sydnor on the outstanding bench warrant on September 15, 2009. Sydnor counts non-tolled time from his initial arrest until his re-arrest in his speedy-trial calculation.

**{¶15}** Sydnor, however, has waived his right to assert a violation of his speedy-trial rights for this time period. "Generally, when computing how much time has run against

the state under R.C. 2945.71 we will begin with the date the state initially arrested the accused. * * * However, if the accused fails to appear for a scheduled court appearance he waives his right to assert a violation of his statutory speedy trial rights for the period of time from his initial arrest to the date that he is rearrested." *Eldridge* at ¶7 (citations and internal quotation omitted). Thus, we only consider the time period following Sydnor's September 15, 2009 re-arrest to determine whether his speedy-trial rights were violated.

**{¶16}**    Sydnor contends that the triple-count provision applies to certain time periods following his September 15, 2009 re-arrest. Specifically, there are three time periods to consider: (1) the September 15, 2009 re-arrest until Sydnor was released on bond on November 3, 2009 (forty-nine days); (2) the November 3, 2009 release until Sydnor's re-arrest on November 12, 2009 (nine days); and (3) the November 12, 2009 re-arrest until Sydnor requested a continuance on January 11, 2010 (sixty days). There is no dispute that all other relevant time periods are tolled for speedy-trial-calculation purposes.

**{¶17}**    Sydnor argues that the triple-count provision should apply to time periods (1) and (3) above, which would count for one hundred forty-seven and one hundred eighty days respectively. Under Sydnor's calculation, three hundred thirty-six (non-tolled) days should apply to his speedy-trial calculation (i.e., 147 + 9 + 180). Therefore, according to Sydnor, the state failed to bring him to trial in the two hundred seventy days required by R.C. 2745.71(C)(2), and his case should have been dismissed.

**{¶18}**    The state contends that the triple-count provision does not apply. Under the state's straight-time calculations, only one hundred eighteen (non-tolled) days apply to

Sydnor's speedy-trial calculation (i.e., 49 + 9 + 60).  One hundred eighteen days is within the two hundred seventy days mandated by R.C. 2745.71(C)(2).  Thus, the state asserts that the trial court correctly denied Sydnor's motion to dismiss.

**{¶19}**     The triple-count provision applies "only to those defendants held in jail in lieu of bail *solely* on the pending charge."  *State v. MacDonald* (1976), 48 Ohio St.2d 66, at paragraph one of the syllabus (emphasis added).  Thus, when a defendant awaits trial on separate unrelated cases, the triple-count provision does not apply.  *State v. Ladd* (1978), 56 Ohio St.2d 197, 203; *State v. Kaiser* (1978), 56 Ohio St.2d 29, 34; *State v. Dankworth*, 172 Ohio App.3d 159, 2007-Ohio-2588, at ¶35; *State v. Johnson*, Cuyahoga App. Nos. 81692 & 81693, 2003-Ohio-3241, at ¶14; *State v. Allen* (Oct. 6, 1997), Fayette App. No. CA97-02-004.

**{¶20}**     Here, the state has shown that the triple-count provision does not apply.  Sydnor was held in jail with two cases pending.  Case I relates to the events from October 2006.  And Case II relates to events that occurred on or about December 5, 2006.  Thus, Sydnor was held on two different cases relating to the events of different dates.  Additionally, the court never consolidated the separate indictments for Case I and Case II.  Therefore, the triple-count provision does not apply.

**{¶21}**     Sydnor argues that, even though he had two different cases pending against him, the triple-count provision should apply.  Sydnor relies on *State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534.  In *Parker*, the defendant was arrested and charged with two felony drug charges and a misdemeanor charge for carrying a concealed weapon, and the municipal court set bond on all three charges.  *Parker* at ¶2-3.  The felonies were bound over to the common pleas court where the defendant's bond was modified

to a personal recognizance bond. Id. at ¶4. However, the defendant remained jailed on the misdemeanor charge, which required bail in the form of cash or a surety bond. Id. The Court held that "when multiple charges arise from a criminal incident and share a common litigation history, pretrial incarceration on the multiple charges constitutes incarceration on the 'pending charge' for the purposes of the triple-count provision of the speedy-trial statute, R.C. 2745.71(E)." Id. at ¶21. Consequently, the triple-count provisions applied to the period in which the defendant was in jail prior to executing his personal recognizance bond. Id. at ¶¶6, 25.

**{¶22}**     Sydnor argues Case I and Case II share a common litigation history, and, therefore, under *Parker*, the triple-count provision should apply. Sydnor notes that all the pretrial hearings were conducted together. Sydnor states that "the behavior of all parties involved shows that they proceeded and acted as if there was only one case going to trial." Appellant's Brief at 14. Sydnor claims that it was unclear whether the April 26, 2010 amendment of the indictment for Case I actually merged with the indictment for Case II. And Sydnor asserts that trial was set for Case II on April 26, 2010, but "the State did not even bother to present evidence of the events which gave rise to [Case II]." Id. Therefore, according to Sydnor, the triple-count provision should apply because Case I and Case II share a common litigation history.

**{¶23}**     *Parker*, however, is inapposite, and Sydnor's arguments must fail. *Parker* applies when "multiple charges arise from *a criminal incident* and share a common litigation history[.]" *Parker* at ¶21 (emphasis added). The defendant in *Parker* was held in jail because he faced charges in two jurisdictions (i.e., the Court of Common Pleas and Municipal Court) arising from one incident. Here, by contrast, Sydnor's charges

relate to different criminal incidents. There is nothing in the record demonstrating that the charges in Case I, which occurred in October 2006, are related to the charges in Case II, which occurred on or about December 5, 2006. Thus, the fact that the cases appear to have shared a "common litigation history," through common pretrial hearings, does not mean that *Parker* applies.

{¶24}    Additionally, the court did not consolidate the indictment for Case II with the indictment for Case I. Neither party moved to consolidate the cases. And contrary to Sydnor's arguments, it is clear that the April 26, 2010 amendment did not merge the indictments for Case I and Case II. The state moved to merge counts within the indictment for Case I only. The judgment entry amending the indictment in Case I makes no mention of Case II.

{¶25}    Finally, Case II continued after the trial in Case I. The docket for Case II reveals no entries for April 26, 2010, which was the trial date for Case I. Following the trial for Case I, the docket for Case II shows multiple entries. A pretrial hearing was scheduled for June 9, 2010. The docket reveals that a motion to permit Sydnor's counsel to withdraw was filed on June 1, 2010, and new counsel was appointed on September 3, 2010. Another pretrial was scheduled for September 23, 2010. And on September 24, 2010, Case II was dismissed without prejudice.

{¶26}    Thus, contrary to Sydnor's arguments on appeal, the alleged offenses from Case II were not "done away with" by virtue of the trial in Case I. Case II continued and was eventually dismissed on September 24, 2010. This is not a situation where multiple charges arise from a single criminal incident and share a common litigation history. Therefore, the triple-count provision does not apply.

**{¶27}** Under the speedy-trial calculation, the state brought Sydnor to trial after one hundred eighteen (non-tolled) days. Thus, the state did not fail to bring Sydnor to trial within the two hundred seventy days required by R.C. 2745.71(C)(2). And the trial court properly denied Sydnor's motion to dismiss.

**{¶28}** Accordingly, we overrule Sydnor's first assignment of error.

III.

**{¶29}** In his second assignment of error, Sydnor contends that the trial court erred when it sentenced him for both trafficking in and possession of crack cocaine. Sydnor notes that, prior to trial, the state merged the two possession counts into one count and the two trafficking counts into one count. Consequently, Sydnor argues that the state could not show a separate animus for possession and trafficking based upon the aggregate amount of drugs for which Sydnor was convicted.

**{¶30}** We review de novo whether a defendant's offenses should have been merged as allied offenses of similar import. *State v. Buckta* (Nov. 12, 1996), Pickaway App. No. 96CA3; see, also, *State v. Brown*, Allen App. No. 1-10-31, 2011-Ohio-1461, at ¶36.

**{¶31}** "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). But "[w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment

or information may contain counts for all such offenses, and the defendant may be convicted of all of them." R.C. 2941.25(B).

**{¶32}** This statute "codified the judicial doctrine of merger" and "prohibited the 'cumulative punishment of a defendant for the same criminal act where his conduct can be construed to constitute two statutory offenses, when, in substance and effect, only one offense has been committed.'" *State v. Ware* (1980), 63 Ohio St.2d 84, 86, quoting *State v. Roberts* (1980), 62 Ohio St.2d 170, 172-73.

**{¶33}** Sydnor's sentences for possession and trafficking run concurrently. And even when sentences are served concurrently, the failure to merge sentences for allied offenses of similar import prejudices a defendant. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, at ¶31 ("[E]ven when the sentences are to be served concurrently, a defendant is prejudiced by having more convictions than are authorized by law.").

**{¶34}** The Supreme Court of Ohio has recently overruled its prior judgments in this area of the law, and it articulated the proper analysis for determining whether merger is appropriate. See *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, at ¶44. "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. [*State v.*] *Blankenship*, 38 Ohio St.3d [116,] 119[,] (Whiteside, J., concurring) ('It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses.' [Emphasis sic]). * * *

**{¶35}** "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' [*State v.*] *Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569[,] at ¶50 (Lanzinger, J., dissenting).

**{¶36}** "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

**{¶37}** "Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." *Johnson* at ¶48-51 (emphasis sic).

**{¶38}** Sydnor was convicted of possession of crack cocaine under R.C. 2925.11(A) and trafficking of crack cocaine under R.C. 2925.03(A)(2). We conclude that "it is possible to commit [possession of crack cocaine under R.C. 2925.11(A)] and commit [trafficking of crack cocaine under R.C. 2925.03(A)(2)] with the same conduct." *Johnson* at ¶48. Thus, we analyze whether Sydnor committed the offenses separately or with a separate animus to justify being sentenced for both under R.C. 2941.25(B).

**{¶39}** "R.C. 2941.25(B), by its use of the term 'animus,' requires [courts] to examine the defendant's mental state in determining whether two or more offenses may be chiseled from the same criminal conduct. In this sense, * * * the General Assembly intended the term 'animus' to mean purpose or, more properly, immediate motive. Like all mental states, animus is often difficult to prove directly, but must be inferred from the surrounding circumstances." *State v. Logan* (1979), 60 Ohio St.2d 126, 131 (citations omitted).

{¶40}    The state argues that Sydnor had a separate animus for his possession and trafficking convictions.  The state points to evidence that Sydnor possessed crack cocaine for personal use.  Indeed, there is testimony that Sydnor had been using crack cocaine to get high throughout the night prior to the arrest.  Additionally, Banks paid Sydnor in drugs to package the crack cocaine for sale.  And Sydnor had crack cocaine on his person when he was arrested.

{¶41}    The state, however, does not address the pre-trial amendment of the indictment and the subsequent verdict finding Sydnor guilty of *first-degree* felony possession of crack cocaine.  The amended indictment merged Sydnor's first-degree and fourth-degree felony possession counts into one first-degree felony count of possession.  As a result, Sydnor was found guilty of possessing crack cocaine in an amount of 25 grams or more and less than 100 grams.  A conviction for possession of 25 grams or more of crack cocaine but less than 100 grams is a first-degree felony.  See R.C. 2925.11(C)(4)(e).

{¶42}    There is insufficient evidence of Sydnor's personal use of crack cocaine to support a conviction for first-degree felony possession, which was committed separately or with a separate animus from Sydnor's trafficking conviction.  The police seized three stashes of crack cocaine: (1) 33.67 grams found in 36 plastic baggies in the living room; (2) 13.48 grams in a child's toy box in the room where Banks was arrested; and (3) 2.84 grams found on Sydnor.  Clearly, Sydnor possessed the 33.67 grams found in the thirty-six plastic baggies for sale, and not personal use.  Even assuming the crack cocaine found on Sydnor's person and in the toy box was for personal use, the aggregate amount does not support a first-degree felony conviction.  The total amount found on

Sydnor's person and in the toy box was 16.32 grams. Thus, the state failed to present evidence of Sydnor's personal use of crack cocaine sufficient to support a first-degree felony conviction for possession under R.C. 2925.11(A)/(C)(4)(e). Therefore, we conclude that Sydnor did not commit his possession and trafficking offenses separately or with a separate animus. And the trial court should have merged the possession and trafficking convictions.

**{¶43}** Accordingly, we sustain Sydnor's second assignment of error, and we vacate Sydnor's sentences for trafficking in and possession of crack cocaine. We remand for a new sentencing hearing at which the state must elect to pursue punishment for Sydnor's violation of either R.C. 2925.03(A)(2) or R.C. 2925.11(A). See *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, at ¶21.

IV.

**{¶44}** In conclusion, we overrule Sydnor's first assignment of error and sustain his second assignment of error. Accordingly, we remand this case for further proceedings consistent with this opinion.

**JUDGMENT AFFIRMED, IN PART,
AND REVERSED, IN PART,
AND CAUSE REMANDED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED, IN PART, REVERSED, IN PART, AND THIS CAUSE BE REMANDED to the trial court for further proceedings consistent with this opinion.  Appellant and Appellee shall pay equally the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Harsha, P.J. and Abele, J.:  Concur in Judgment and Opinion.

For the Court

BY:_____
    Roger L. Kline, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**