[Cite as *State v. Bode*, 2013-Ohio-2134.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 12-CA-33 |
| JASON T. BODE | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Criminal appeal from the Fairfield County
Court of Common Pleas, Case No. 12-CR-
0006

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: May 22, 2013

APPEARANCES:

For Plaintiff-Appellee

JOCELYN KELLY
DARREN MEADE
239 West Main Street, Ste. 101
Lancaster, OH 43130

For Defendant-Appellant

SCOTT WOOD
144 East Main Street
Box 667
Lancaster, OH  43130

*Gwin, P.J.*

{¶1} Appellant Jason Bode ["Bode"] appeals from his convictions and sentences in the Fairfield County Court of Common Pleas on two counts of OVI, each with a specification that he had previously been convicted of or pleaded guilty to five or more equivalent offenses. The appellee is the State of Ohio.

*Facts and Procedural History*

{¶2} On May 28, 2011, Bode was arrested by Officer David Thompson of the Lancaster Police Department and charged with an OVI, in violation of R.C. 4511.19(A)(1)(1). He was cited into Fairfield County Municipal Court under Case Number TRC-11-5042.

{¶3} On December 29, 2011, while Case Number TRC-11-5042 was still pending in the Fairfield County Municipal Court, Bode was arrested by Officer Brian St. Clair of the Lancaster Police Department and charged with an OVI, in violation of R.C. 4511.19(A)(1)(A). This case was filed as a felony complaint in the Fairfield County Municipal Court under Case Number CRA-11-3348, but was subsequently dismissed by the state for future indictment.

{¶4} On January 6, 2012, Bode was indicted by the Fairfield County Grand Jury under Case Number 12-CR-6 and charged with five counts of OVI with specifications to each of those counts. Counts one, two and three related to Bode's arrest on May 28, 2011, and Counts four and five related to Bode's arrest on December 29, 2011.

{¶5} Count one of the Indictment was an OVI charge from May 28, 2011, based on Bode being under the influence, with an allegation of five OVI convictions in the 20 years prior, which made the charge a felony of the fourth degree. The specification to

Count one also alleged five OVI convictions in the 20 years prior, which subjected Bode to one to five years of additional, mandatory prison time pursuant to R.C. 2941.1413. Four of Bode's prior OVI convictions were as an adult in 1996, 1997, 1998 and 1998. The remaining OVI conviction was a juvenile adjudication in 1992 in Franklin County Juvenile Court.

{¶6} Count two was an OVI charge from May 28, 2011, based on Bode's refusal to submit to a chemical test, with an allegation of five OVI convictions in the 20 years prior, which made the charge a felony of the fourth degree. Count two also had a specification pursuant to R.C. 2941.1413.

{¶7} Count three was an OVI charge from May 28, 2011, based on Bode having a prohibited level of alcohol in his system as measured by a blood test, with an allegation of five OVI convictions in the 20 years prior, which made the charge a felony of the fourth degree. Count three also had a specification pursuant to R.C. 2941.1413.

{¶8} Count four was an OVI charge from December 29, 2011, based on Bode being under the influence with an allegation of five OVI convictions in the 20 years prior, which made the charge a felony of the fourth degree. Count four also had a specification pursuant to R.C. 2941.1413.

{¶9} Count five was an OVI charge from December 29, 2011, based on Bode having a prohibited level of alcohol in his system as measured by a breath test, with an allegation of five OVI convictions in the 20 years prior, which made the charge a felony of the fourth degree. Count five also had a specification pursuant to R.C. 2941.1413.

{¶10} On February 16, 2012, the state orally moved the trial court to sever Counts one through three from Counts four and five of the Indictment. Bode did not object. The trial court granted this motion by Judgment Entry filed May 2, 2012.

{¶11} On March 1, 2012, Bode filed a Motion in Limine/Motion to Suppress to exclude or suppress Bode's prior OVI juvenile adjudication in 1992 on the basis that Bode did not have legal counsel nor did Bode validly waive his right to legal counsel at the time of the juvenile adjudication in 1992.

{¶12} On March 14, 2012, an oral hearing was held on Bode's Motion in Limine/Motion to Suppress, which was overruled by the trial court by written decision filed April 2, 2012.

{¶13} On April 5, 2012, Bode filed a Motion to Dismiss Counts 1, 2 and 3 of the Indictment due to the State's failure to bring Bode to trial within the statutory time limits prescribed by R.C. 2945.71.

{¶14} On April 23, 2012, an oral hearing was held on Bode's Motion to Dismiss, which was overruled by the trial court pursuant to a written decision filed May 2, 2012.

{¶15} On May 2, 2012, pursuant to a plea agreement with the state, Bode entered pleas of no contest to, and was found guilty by the trial court of, Counts 3 and 5 of the Indictment, with the specifications. The remaining counts and specifications in the Indictment were dismissed by the state pursuant to the plea agreement.

{¶16} On June 8, 2012, a contested sentencing hearing was held by the trial court. Bode argued that he should be sentenced on the OVI's as misdemeanors only and not sentenced on the specifications on the basis that a juvenile adjudication for OVI is not an "equivalent offense," pursuant to R.C. 4511.181, and based on double

jeopardy. The trial court rejected these arguments and sentenced Bode to a total of 8-1/2 years in prison, with 5-1/2 years suspended for community control and 3 years to serve of mandatory prison time. Further, the trial court refused to grant Bode 30 days of jail time credit for 30 days he spent in the Fairfield County Jail on the pending charges in the Indictment and for a misdemeanor probation violation.

*Assignments of Error*

{¶17} Bode raises four assignments of error,

{¶18} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION IN LIMINE/MOTION TO SUPPRESS.

{¶19} "II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS.

{¶20} "III. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE OVI'S AS FELONIES OF THE FOURTH DEGREE AND IN SENTENCING APPELLANT ON THE SPECIFICATIONS.

{¶21} "IV. THE TRIAL COURT ERRED IN NOT GRANTING 30 ADDITIONAL DAYS OF JAIL TIME CREDIT TO APPELLANT."

I.

{¶22} In his first assignment of error, Bode argues an uncounseled conviction cannot be used to enhance the penalties for a later conviction if the earlier conviction resulted in a sentence of confinement.

{¶23} In the landmark decision of *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799(1963), the United States Supreme Court held an indigent defendant was entitled to court appointed counsel. Subsequently, the High Court narrowed this

Right, holding "the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the state has afforded him the right to assistance of appointed counsel in his defense." *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed. 2d 383(1979). *Accord, Nichols v. United States*, 511 U.S. 738, 743 114 S.Ct. 1921, 128 L.Ed.2d 745(1994); *State v. Brandon*, 45 Ohio St.3d 85, 86, 543 N.E.2d 501, 503(1989). ("This is not to say that counsel is required in all instances. Indeed, in *Scott, supra,* the court essentially held that uncounseled misdemeanor convictions are constitutionally valid if the offender is not actually incarcerated."); *State v. Smith*, 5th Dist. No. 2010-CA-00335, 2011-Ohio-3206.

**{¶24}** In *Scott*, the court stated that "actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment * * * and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel. * * * 440 U.S. at 373-374, 99 S.Ct. 1161-1162.

**{¶25}** In *Alabama v. Shelton*, 535 U.S. 654, 122 S.Ct. 1764, 152 L.Ed.2d 888(2002), the United States Supreme Court did find that a "suspended sentence that may end up in actual deprivation of a person's liberty may not be imposed unless the defendant was accorded the guiding hand of counsel." Id., syllabus.

**{¶26}** In *Nichols*, supra the court recognized that there is a distinction concerning the right to have counsel appointed noting, "In felony cases, in contrast to misdemeanor charges, the Constitution requires that an indigent defendant be offered appointed counsel unless that right is intelligently and competently waived. *Gideon v.*

*Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)." 511 U.S. at 743, n. 9. Ohio likewise has recognized such a distinction.

**{¶27}** Crim.R. 2(C) defines "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months," while Crim.R. 2(D) defines "petty offense" as "a misdemeanor other than a serious offense." In the case at bar, the charge against appellant was a "petty" offense.

**{¶28}** The scope of the application of the right to counsel is recognized in Crim.R. 44, which sets forth the basic procedure for the assignment of counsel in Ohio criminal cases.

**{¶29}** Crim.R. 44 states:

(B) Counsel in petty offenses

Where a defendant *charged with a petty offense* is unable to obtain counsel, the court *may* assign counsel to represent him. When a defendant charged *with a petty offense* is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel. (Emphasis added)

**{¶30}** The word "shall" is usually interpreted to make the provision in which it is contained mandatory. *Dorrian v. Scioto Conservancy District*), 27 Ohio St. 2d 102, 107, 271 N.E. 2d 834(1971). In contrast, the use of the word "may" is generally construed to make the provision in which it is contained optional, permissive, or discretionary. *Id.* The words "shall" and "may" when used in statutes are not automatically interchangeable or

synonymous. *Id.* To give the "may" as used in a statute a meaning different from that given in its ordinary usage, it must clearly appear that the Legislature intended that it be so construed from a review of the statute itself. *Id.* at 107– 108, 271 N.E. 2d 834. *In re: McClanahan,* 5th Dist. No. 2004AP010004, 2004–Ohio–4113, ¶ 17.

**{¶31}** Pursuant to that rule, the trial court has discretion whether to appoint counsel where a defendant is charged with a petty offense. However, the trial court could impose a term of imprisonment for a petty offense under only two circumstances: (1) appellant was actually represented by counsel during his change of plea; or (2) he decided to represent himself and properly waived his right to counsel. *Smith,* 5th Dist. No. 2010-CA-00335, 2011-Ohio-3206 at ¶49.

**{¶32}** Our review of the trial court record indicates that Bode was never imprisoned for the juvenile OVI adjudication. Nor did the juvenile court impose a sentence of incarceration and then suspend the jail time on the condition that Bode complete a treatment program. When Bode failed to appear for a court hearing to discuss his participation in an aftercare program, the juvenile court forwarded his driver license and the ticket to the Ohio Bureau of Motor Vehicles and closed the case. (T. March 14, 2012 at 87-88).

**{¶33}** Thus, no cognizable violation of the Sixth Amendment right to appointed counsel occurred in the case at bar because, as the Supreme Court of Ohio has held, "uncounseled misdemeanor convictions are constitutionally valid if the offender is not actually incarcerated." *State v. Brandon*, 45 Ohio St.3d 85, 86, 543 N.E.2d 501(1989). (Citing *Scott v. Illinois*, 440 U .S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383(1979)).

**{¶34}** Further, there is no evidence that Bode was given a term of incarceration which was unconditionally suspended. There is no evidence that the juvenile court reserved the right to reinstate suspended time in the future. Bode was not placed on any probation or community control sanction that could subject him to incarceration in the future as punishment for his juvenile OVI conviction. Accordingly, Bode did not suffer any actual incarceration or the threat of future incarceration on his juvenile OVI conviction.

**{¶35}** Therefore, because Bode's prior uncounseled misdemeanor conviction in the juvenile case did not result in incarceration or a suspended sentence it is valid under *Scott,* and thus, it may be used to enhance a subsequent conviction. *Nichols v. U.S.*, 511 U.S. 738, 749, 114 S.Ct. 1921, 128 L.Ed.2d 745(1994).

**{¶36}** Bode's first assignment of error is overruled.

II.

**{¶37}** In his second assignment of error, Bode contends the trial court erred in overruling his motion to dismiss on speedy trial grounds. Specifically, Bode filed a motion to dismiss Counts one, two and three of the Indictment because the state failed to bring Bode to trial within the statutory speedy trial limits.

**{¶38}** The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Pursuant to these constitutional mandates, R.C. 2945.71 through R.C. 2945.73 prescribes specific time requirements within which the State must bring an accused to trial. *State v. Baker*, 78 Ohio St.3d 108, 110, 1997–Ohio–229, 676 N.E.2d 883. R.C. 2945.71 provides, in pertinent part:

(C) A person against whom a charge of felony is pending:

(2) Shall be brought to trial within two hundred seventy days after the person's arrest.

\* \* \*

(D) A person against whom one or more charges of different degrees, whether felonies, misdemeanors, or combinations of felonies and misdemeanors, all of which arose out of the same act or transaction, are pending shall be brought to trial on all of the charges within the time period required for the highest degree of offense charged, as determined under divisions (A), (B), and (C) of this section.

(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section.

{¶39} Subsequent charges made against an accused are subject to the same speedy-trial constraints as the original charges, if the additional charges arose from the same facts as the first indictment. *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025, 1027 (1989). However, the state is not subject to the speedy-trial timetable of the initial indictment when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment. *Baker*, supra, at syllabus.

**{¶40}** As set forth in the trial court's decision, for purposes of Bode's speedy trial claim, the state and Bode agreed and conceded the speedy trial dispute was limited to a period of 17 days, running from February 13, 2012 to March 1, 2012.

**{¶41}** Bode submits he was entitled to have all of the 17 days subjected to the triple count provisions of R.C. 2945.71(E), which would put the speedy trial calculation over 270 days. However, the State argued that the triple count provisions of R.C. 2945.71(E) only applied for three days (February 13 through February 16, 2012). The State argued the remaining 14 days should not be tripled, in spite of the fact that Bode was in jail, because the multiple counts in the single Indictment were severed into two separate trials on February 16, 2012.

**{¶42}** The trial court agreed with the state's argument that Bode was not entitled to the triple count provisions of R.C. 2945.71(E) because the cases were severed.

**{¶43}** The trial judge's handwritten notation contained within the Pretrial Entry: Criminal Case filed February 22, 2102 states,

State has made oral motion for separate trial date re Counts 1, 2 &

3 from Counts 4 & 5. Defense does not object. Motion sustained.

**{¶44}** In the case at bar, Counts one, two and three arise from Bode's arrest on a charge of OVI on May 28, 2011. Bode was released on bond in this case on May 30, 2011.

**{¶45}** Counts four and five arise from Bode's arrest on a charge of OVI on December 29, 2011. Bond was set at $10,000.00 secured and $5,000.00 unsecured. (State's Exhibit B, Fairfield Municipal Court docket, Case Number CRA1103348). However, a probation violation holder was placed on Bode. (State's Exhibit C, Fairfield

Municipal Court Case Number CRB092086A). By entry filed December 30, 2011, the trial court found probable cause and ordered Bode held without bail. (Id.)

**{¶46}** The incidents leading to the two separate arrests occurred nearly seven months apart. The charges clearly do not arise from a single incident or course of conduct. *State v. Dach*, 11th Dist. Nos. 2005-T-0048, 2005-T-0054, 2006-Ohio-3428, ¶31; *State v. Sydnor*, 4th Dist. No. 10CA3359, 2011-Ohio-3922, ¶23. The court granted the motion to sever the charges on February 16, 2012. At this point, Bode was no longer held in jail on solely the charges in Counts one, two and three, as the charges were severed from the remaining charges. The triple count provision applies only when the defendant is being held in jail solely on the pending charge. *State v. Sanchez,* 110 Ohio St.3d 274, 277, 853 N.E.2d 283, 2006-Ohio-4478. Thus, the triple-count provision does not apply when a defendant is being held in custody pursuant to other charges. *Id.* Therefore, once Counts one, two and three, which involve the May 28, 2011 arrest, were severed from the Counts four and five, which involved the December 29, 2011 arrest, Bode was no longer held in jail solely on Counts one, two and three and the triple count provision no longer applied. *State v. Kasler*, 5th Dist. No. 11-CA-59, 2012-Ohio-6073, ¶46.

**{¶47}** Therefore, Bode's pretrial incarceration on the multiple charges does not constitute incarceration on the "pending charge" for the purposes of the triple-count provision of the speedy-trial statute, R.C. 2945.71(E).

**{¶48}** Bode's second assignment of error is overruled.

III.

**{¶49}** In his third assignment of error, Bode makes two claims. First, the trial court could not sentence him for felony OVI's and could not sentence him on the specifications contined in the Indictment because his juvenile adjudication for OVI is not an "equivalent offense." Second Bode argues that the trial court's sentence for both the felony OVI's and the specifications violated his protection against double jeopardy.

### *A. Juvenile adjudication for OVI as an equivalent offense.*

**{¶50}** *In State v. Adkins,* 129 Ohio St.3d 287, 2011-Ohio-3141, 951 N.E.2d 766, the Ohio Supreme Court noted,

> R.C. 4511.19(G)(1)(d) employs a 20–year look-back to previous convictions and enhances an OVI charge if a defendant has five or more previous, similar violations: "[A]n offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree."

> Effective January 1, 1996, R.C. 2901.08 includes prior juvenile adjudications as previous convictions for purposes of enhancement of subsequent charges:

> "(A) If a person is alleged to have committed an offense and if the person previously has been adjudicated a delinquent child or juvenile traffic offender for a violation of a law or ordinance, * * * the adjudication as a delinquent child or as a juvenile traffic offender is a conviction for a violation of the law or ordinance for purposes of determining the offense with which the person should be charged and, if the person is convicted of

or pleads guilty to an offense, the sentence to be imposed upon the person relative to the conviction or guilty plea."

Although Ohio juvenile proceedings do not result in criminal convictions—a juvenile court proceeding is a civil action, *In re Anderson* (2001), 92 Ohio St.3d 63, 748 N.E.2d 67, syllabus, and juveniles are "adjudicated delinquent" rather than "found guilty," *State v. Hanning* (2000), 89 Ohio St.3d 86, 89, 728 N.E.2d 1059—R.C. 2901.08 provides that an offender's juvenile adjudication for OVI-type offenses can be used against him under the five-convictions threshold of R.C. 4511.19(G)(1)(d). Id. at ¶¶ 8-10.

**{¶51}** Bode was adjudicated a juvenile traffic offender for a violation of 4511.19. Applying R.C. 2901.08(A) and *Adkins* , this adjudication is a conviction for a violation of 4511.19 for purposes of determining that Bode should be charged and sentenced under 4511.19(G)(1)(d) for a felony of the fourth degree.

### B. Double jeopardy

**{¶52}** Bode next argues in sentencing Bode on the OVI and the specifications for the exact same conduct, the trial court imposed multiple punishments for the same conduct in violation of the prohibition against double jeopardy.

**{¶53}** The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. It is well settled, however, that sentence enhancement provisions do not subject a defendant to multiple punishments for the same offense. *Witte v. United States*, 515

U.S. 389, 399, 115 S.Ct. 2199, 2206, 132 L.Ed.2d 351 (1995) (*citing Gryger v. Burke*,

334 U.S. 728, 732, 68 S.Ct. 1256, 1258-59, 92 L.Ed. 1683 (1948)).

**{¶54}** In *Monge v. California*, the Unites States Supreme Court noted although

the Constitution prohibits multiple criminal punishments for the same offense, double

jeopardy principles generally have no application in the sentencing context,

> Historically, we have found double jeopardy protections
> inapplicable to sentencing proceedings, see *Bullington,* 451 U.S., at 438,
> 101 S.Ct., at 1857-1858, because the determinations at issue do not place
> a defendant in jeopardy for an "offense," *see, e.g., Nichols v. United
> States*, 511 U.S. 738, 747, 114 S.Ct. 1921, 1927, 128 L.Ed.2d 745 (1994)
> (noting that repeat-offender laws "'penaliz[e] only the last offense
> committed by the defendant'"). Nor have sentence enhancements been
> construed as additional punishment for the previous offense; rather, they
> act to increase a sentence "because of the manner in which [the
> defendant] committed the crime of conviction." *United States v. Watts*, 519
> U.S. 148, 154, 117 S.Ct. 633, 636, 136 L.Ed.2d 554 (1997) ( *per curiam*);
> *see also Witte v. United States*, 515 U.S. 389, 398-399, 115 S.Ct. 2199,
> 2205-2206, 132 L.Ed.2d 351 (1995). An enhanced sentence imposed on a
> persistent offender thus "is not to be viewed as either a new jeopardy or
> additional penalty for the earlier crimes" but as "a stiffened penalty for the
> latest crime, which is considered to be an aggravated offense because a
> repetitive one." *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 1258,
> 92 L.Ed. 1683 (1948); *cf. Moore v. Missouri*, 159 U.S. 673, 678, 16 S.Ct.

179, 181, 40 L.Ed. 301 (1895) ("[T]he State may undoubtedly provide that persons who have been before convicted of crime may suffer severer punishment for subsequent offences than for a first offence").

524 U.S. 727, 728, 118 S.Ct. 2246, 141 L.Ed.2d 615(1998). Of relevance to Bode's case, the Court has specifically made clear that sentence enhancement is not double punishment,

In *Nichols v. United States*, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), we explained that "'[t]his Court consistently has sustained repeat-offender laws as penalizing only the last offense committed by the defendant.'" Id., at 747, 114 S.Ct. 1921 (quoting *386 *Baldasar v. Illinois*, 446 U.S. 222, 232, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980) (Powell, J., dissenting)). When a defendant is given a higher sentence under a recidivism statute—or for that matter, when a sentencing judge, under a guidelines regime or a discretionary sentencing system, increases a sentence based on the defendant's criminal history— 100% of the punishment is for the offense of conviction. None is for the prior convictions or the defendant's "status as a recidivist." The sentence "is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one." *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948).

**{¶55}** *United States v. Rodriquez*, 553 U.S. 377, 385, 128 S.Ct. 1783, 170 L.Ed.2d 719 (2008). *Rodriquez's* rationales apply with equal force in the context of Bode's case.

{¶56} Accordingly, Bode's third assignment of error is overruled.

IV.

{¶57} On December 29, 2011, a probation holder was placed on Bode by the Fairfield County Municipal Court probation officer supervising him. The following day, the municipal court found probable cause to revoke his probation and ordered him held without bond pending a hearing. On January 23, 2012, the municipal court revoked Bode's probation and ordered him to serve 30 days in jail, with credit for the 25 days he had already served.

{¶58} In his fourth assignment of error, Bode contends since the 30-day jail sentence on the revocation was for a misdemeanor violation, and Bode was sentenced by the trial court in this case to multiple felonies, the two sentences should be served concurrent to each other and, therefore, Bode should have been granted credit for the 30 days he served against the ultimate prison sentence imposed by the trial court on the felony convictions.

{¶59} Although it is the adult parole authority's duty to reduce the term of incarceration by the number of days served prior to sentencing, it is the responsibility of the sentencing court to properly calculate the amount of days for which such credit may be extended. *State ex rel. Corder v. Wilson*, 68 Ohio App.3d 567, 589 N.E.2d 113(1991); *State v. Barkus,* 5th Dist. No. 2002 CA 0052, 2003-Ohio-1757 at ¶ 12.

{¶60} R.C. 2967.191 requires that an offender's prison term be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced [.]"

**{¶61}** R.C. 2949.12, which addresses the calculation of time, conveyance, and incarceration assignments of convicted felons exclusively, is also applicable here. This section states that the prisoner's sentencing order should also reflect, " * * * pursuant to section 2967.191 of the Revised Code * * * the total number of days, if any, that the felon was confined *for any reason* prior to conviction and sentence." R.C. 2949.12. (Emphasis added).

**{¶62}** In *State v. Olmstead*, this court observed,

The Court of Appeals for Franklin County has recognized the difficulty in calculating jail-time credit when a defendant had both a probation violation and a new criminal charge, "[a]lthough the principle of crediting time served seems fairly simple on its face, in practice, it can be complicated when, inter alia, the defendant is charged with multiple crimes committed at different times, or when the defendant is incarcerated due to a probation violation. Generally speaking, days served following arrest on a probation violation can only be credited toward the sentence on the original charge i.e., the one for which he was sentenced to probation. In addition, a defendant is not entitled to jail-time credit for any period of incarceration arising from facts that are separate or distinguishable from those on which the current (or previous) sentence was based. See, e.g., *State v. Smith* (1992), 71 Ohio App. 3d 302, 304; *State v. Mitchell,* Lucas App. No. L-05-1122, 2005-Ohio-6138, at ¶ 8. A sentence for any offense committed after the offense on which the defendant's probation is based is not entitled to jail-time credit. *Id.; State ex rel. Gillen v. Ohio Adult Parole*

*Auth.* (1995), 72 Ohio St.3d 381; *State v. Peck,* Franklin App. No. 01AP-1379, 2002-Ohio-3889. This is an important distinction because a probation violation usually occurs when the defendant commits a new crime. For example, a first offender is convicted of petty theft pursuant to a shoplifting incident. If the court sentences that defendant to six months in jail, and suspends the sentence in lieu of a period of one years [sic] probation, the defendant will go free. During the months that follow, if that same defendant is arrested for OVI, he will likely not be permitted to be released on bail because the jail will place a probation hold on the prisoner. Irrespective of the OVI charge, which would ordinarily allow the defendant to post bail and be released, under these circumstances, the defendant would have to be taken before the trial judge who sentenced him on the theft charge. Whatever time the defendant spent in jail between his arrest and the probation violation hearing could only be credited towards the sentence for the theft conviction." *State v. Chafin,* Franklin App. No. 06AP-1108, 2007-Ohio-1840 at ¶ 9.

**{¶63}** The 30 days, which Bode contends he should have received credit for, were a sentence for an offense separate and apart from the one for which the trial court imposed a felony sentence in this case. Bode did receive credit for all 30 days on the probation violation misdemeanor case. That sentence was completed before Bode was sentenced under the felony convictions.

{¶64} Accordingly, we conclude that the trial court did not err by denying Bode credit for jail time served on the misdemeanor probation violation against his subsequent, unrelated felony sentence.

{¶65} Bode's fourth assignment of error is overruled.

{¶66} For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


WSG:clw 0429

[Cite as *State v. Bode*, 2013-Ohio-2134.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JASON T. BODE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12-CA-33 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER