[Cite as *Bode v. Fairfield Cty. Pros. Atty.'s Office*, 2018-Ohio-28.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| JASON T. BODE | : | | JUDGES: |
| | : | | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | | Hon. William B. Hoffman, J. |
| | : | | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | | |
| | : | | |
| FAIRFIELD COUNTY PROSECUTING | : | | Case No. 17-CA-18 |
| ATTORNEY'S OFFICE | : | | |
| | : | | |
| Defendant-Appellee | : | | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 2016CV00678

JUDGMENT:                         Affirmed

DATE OF JUDGMENT:                 January 2, 2018

APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

SCOTT P. WOOD                          JOSHUA S. HORACEK
120 East Main Street                   239 West Main Street
Suite 200                              Suite 101
Lancaster, OH  43130                   Lancaster, OH  43130

                                       DEBRA GORRELL-WEHRLE
                                       150 East Gay Street
                                       16th Floor
                                       Columbus, OH  43215

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant, Jason T. Bode, appeals the April 12, 2017 entry of the Court of Common Pleas of Fairfield County, Ohio, granting judgment on the pleadings to Defendant-Appellee, Fairfield County Prosecuting Attorney's Office, on his complaint for declaration of wrongful imprisonment.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On January 6, 2012, the Fairfield County Grand Jury indicted appellant on five counts of operating a motor vehicle while under the influence (OVI) in violation of R.C. 4511.19. Each count carried a specification pursuant to R.C. 2941.1413 alleging five OVI convictions within the twenty years prior, elevating the counts to felonies in the fourth degree.  Four of the priors (1996-1999) were committed when appellant was an adult and one (1992) was committed when he was a juvenile.

{¶ 3}   On May 2, 2012, appellant pled no contest to two of the counts with their attendant specifications (Count 3, a violation of R.C. 4511.19(A)(1)(f) committed on May 28, 2011, and Count 5, a violation of R.C. 4511.19(A)(1)(h) committed on December 29, 2011).   The remaining three counts and their specifications were dismissed.   By judgment entry filed June 26, 2012, the trial court indicated it found appellant guilty, and sentenced him to seven and one-half years in prison, four and one-half years suspended in lieu of community control.  Appellant was required to serve three years of mandatory prison time.

{¶ 4}   Appellant filed an appeal, challenging in part the use of his juvenile OVI. This court affirmed appellant's convictions and sentence.   *State v. Bode,* 5th Dist. Fairfield No. 12-CA-33, 2013-Ohio-2134.

{¶ 5}   Appellant filed an appeal with the Supreme Court of Ohio.   The court found a prior juvenile adjudication cannot be used "under R.C. 4511.19(G)(1)(d) to enhance the penalty for a later offense when the adjudication carried the possibility of confinement, the adjudication was uncounseled, and there was no effective waiver of the right to counsel."   *State v. Bode,* 144 Ohio St.3d 155, 2015-Ohio-1519, syllabus. The court reversed this court's judgment and remanded the matter to the trial court for resentencing.   At the time of the reversal, April 23, 2015, appellant had already served almost three years in prison.

{¶ 6}   Upon remand, by entry filed June 17, 2015, the trial court resentenced appellant on Counts 3 and 5 as misdemeanors in the first degree, imposing an aggregate term of three hundred sixty days in the county jail with credit for time served.

{¶ 7}   On November 18, 2016, appellant filed a complaint against appellee for a declaration of wrongful imprisonment pursuant to R.C. 2743.48.   On February 15, 2017, appellee filed a motion for judgment on the pleadings, claiming appellant did not meet the requirements under the statute.   By entry filed April 12, 2017, the trial court granted the motion, finding the facts alleged in appellant's complaint failed to satisfy R.C. 2743.48(A)(4).

{¶ 8}   Appellant filed an appeal and this matter is now before this court for consideration.   Assignment of error is as follows

I

{¶ 9}   "THE TRIAL COURT ERRED IN GRANTING JUDGMENT ON THE PLEADINGS AGAINST THE PETITIONER IN A WRONGFUL IMPRISONMENT ACTION."

I

{¶ 10} In his sole assignment of error, appellant claims the trial court erred in granting judgment on the pleadings pursuant to Civ.R. 12(C). We disagree.

{¶ 11} Civ.R. 12(C) states, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

{¶ 12} In *Estate of Heath v. Grange Mutual Casualty Co.,* Delaware No. 02CAE05023, 2002-Ohio-5494, ¶ 8-9, this court succinctly stated the standard of review as follows:

The standard of review of the grant of a Motion for Judgment on the Pleadings is the same as the standard of review for a Civ.R. 12(B)(6) Motion. As the reviewing court, our review of a dismissal of a complaint based upon a judgment on the pleadings requires us to independently review the complaint and determine if the dismissal was appropriate. *Rich v. Erie County Department of Human Resources* (1995), 106 Ohio App.3d 88, 91, 665 N.E.2d 278. Judgment on the pleadings may be granted where no material factual issue exists. However, it is axiomatic that a motion for judgment on the pleadings is restricted solely to the allegations contained in those pleadings. *Flanagan v. Williams* (1993), 87 Ohio App.3d 768, 623 N.E.2d 185. See, also, *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 481, 597 N.E.2d 1137; *Barilatz v. Luke* (Dec. 7, 1995), Cuyahoga App. No. 68304, unreported, 1995 WL 723294.

A reviewing court need not defer to the trial court's decision in such cases. *Id.* A Motion for a Judgment on the Pleadings, pursuant to Civ.R. 12(C), presents only questions of law. *Peterson v. Teodosia* [*Teodosio*] (1973), 34 Ohio St.2d 161, 165-166, 297 N.E.2d 113. The determination of a motion under Civ.R. 12(C) is restricted solely to the allegations in the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in her favor. *Id.*

{¶ 13} The statute at issue is R.C. 2743.48, action against state for wrongful imprisonment, which states the following:

(A) As used in this section and section 2743.49 of the Revised Code, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:

(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony or felony.

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶ 14} "One who claims to be a 'wrongfully imprisoned individual' under R.C. 2743.48 must prove all of the factors in R.C. 2743.48(A) by a preponderance of the evidence before seeking compensation from the state for wrongful imprisonment." *Doss v. State,* 135 Ohio St.3d 211, 2012-Ohio-5678, paragraph one of the syllabus.

{¶ 15} In its motion for judgment on the pleadings, appellee argued appellant failed to meet subsections (A)(4) and (5). Subsections (A)(1)-(3) were not contested. In

its April 12, 2017 entry granting judgment on the pleadings to appellee, the trial court found appellant failed to satisfy subsection (A)(4) as follows:

It appears from the Complaint that Plaintiff can establish the first two elements of R.C. 2743.48(A)(4) i.e., that (1) his conviction was vacated and reversed on appeal and (2) the Fairfield County Prosecuting Attorney cannot pursue any further appeal; however, in accepting the allegations contained in the Complaint as true, Plaintiff does not and cannot demonstrate that "no criminal proceeding is pending, can be brought or will be brought . . . for any act associated with that conviction" because on remand, the Prosecuting Attorney continued the criminal proceedings against Plaintiff.  As noted in the Complaint, upon remand to the trial court, "Plaintiff was found guilty of misdemeanors only . . . ." (Compl. at ¶ 4).

{¶ 16} The trial court concluded:

[C]riminal proceedings were still factually supportable and legally permissible following reversal of Plaintiff's conviction, as evidenced by the fact that Plaintiff pled no contest to and was convicted of two misdemeanors.  (*See* Compl. at ¶ 4).  Therefore, even when taken as true, the facts set forth in Plaintiff's Complaint fail to satisfy R.C. 2743.48(A)(4).

{¶ 17} We disagree with the trial court's finding that appellant met the first element of subsection (A)(4): "The individual's conviction was vacated, dismissed, or reversed on appeal."

{¶ 18} In his direct appeal in his criminal case, appellant challenged in part the use of his juvenile OVI to elevate the counts to felony OVIs, thereby enhancing his sentence. As discussed above, this court affirmed his sentence and appellant appealed to the Supreme Court of Ohio. The court reviewed the following specific proposition of law:

An uncounseled juvenile adjudication for operating a vehicle under the influence of alcohol (OVI), without a valid waiver of counsel, can not (sic) be used to enhance subsequent OVI charges when the juvenile is ordered to complete a 3–day driver intervention program (DIP), subject to potential detention if the DIP is not completed.

*State v. Bode,* 144 Ohio St.3d 155, 2015-Ohio-1519, ¶ 8.

{¶ 19} The court agreed and reversed this court's judgment on the issue and remanded the matter to the trial court for resentencing. The trial court followed this directive, resentenced appellant on two misdemeanors on June 17, 2015, and the case was concluded. Appellant's conviction was never "vacated, dismissed, or reversed on appeal," just his sentence was to comport with the misuse of the juvenile adjudication.

Therefore, we concur with the trial court that appellant did not satisfy subsection (A)(4), albeit for a different reason.

{¶ 20} Upon review, we find the trial court did not err in granting judgment on the pleadings to appellee.

{¶ 21} The sole assignment of error is denied.

{¶ 22} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.

By Wise, Earle, J.

Delaney, P.J. and

Hoffman, J. concur.

EEW/db1127